## STATE OF FLORIDA v PHENEY
Case No. 86-71524-NM
County Court, Pinellas County
December 5, 1986

### APPEARANCES OF COUNSEL

**James F. Pheney, pro se.**
**City of St. Petersburg Beach Police Department.**

### OPINION OF THE COURT

KARL B. GRUBE, County Judge.

THIS MATTER came to be heard before the Court on December 1, 1986 with the Defendant appearing without counsel. The Court considered the evidence and testimony presented, and thereupon, found as follows:

*STATEMENT OF THE CASE*:

James F. Pheney, hereinafter referred to as the Defendant, was charged

by Uniform Traffic Citation with the offense of Unlawful Speed in that he did operate his motor vehicle at a speed of 49mph in a 35mph speed zone in St. Petersburg Beach, Florida. The violation occurred in a 35mph zone purportedly established by a sign posted at the beginning of that zone and immediately following a 45mph speed zone. In the preceding 45mph speed zone, there is posted, approximately 400 feet prior to the 35mph sign in question, a sign which reads "Reduced Speed Ahead". The monitoring of Defendant's speed was done by a radar device which was operated in compliance with all governing laws by a duly certified radar operator who effected the traffic stop. The Defendants presents this Court with the argument that the 35mph speed zone sign is legally insufficient to prohibit exceeding that limit for the reason that the sign is not in the proper position and sufficiently visible to be seen by an ordinarily observant person.

*STATEMENT OF THE LAW:*

*F.S. 316.003(24)* [F.S. 1985], defines "official traffic control devices" as including all "signs" placed by authority of a public body or official having jurisdiction. *F. S. 316.074(3)*, [F.S. 1985), provides:

> "No provision of this Chapter for which official traffic control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person."

*F.S. 316.0745(3)*, [F.S. 1985], provides, in part that:

> "All official traffic control signals and official traffic control devices purchased and installed by this state by any public body or official shall conform with the manual of transportation pursuant to subsection 2."

*Rule 14-15.12* of the Rules of the State of Florida Department of Transportation, incorporates by reference, "the Manual on Speed Zoning for Highways, Roads, and Streets in Florida." In that Manual, paragraph 2B-13 and 2B-14 speak to the location and placement of speed zone signs and signs for reduced speed ahead.

*Rule 2B-13*, Location of Speed Zone Sign, provides in pertinent part that:

> "Speed zone signs, indicating speeds for which posting is required by law, shall be located at the points of change from one speed limit to another."

*Rule 2B-14*, Sign for Reduced Speed Ahead, provides in pertinent part that:

**76**

"This sign shall be used in rural areas to inform the motorist of a reduced speed zone when an advanced notice is needed to comply with the speed limit posted ahead."

The commentary to these Rules, which is found in the Department of Transportation Traffic Operations Division Manual, provides as follows:

"Extreme care must be exercised in placing the additional signs with emphasis on locations where such reminder signs should not be placed, such as in proximity to a horizontal curve, railroad track, school zone, traffic signal, stop sign, narrow bridge, or any other type of roadway characteristic that may overload a driver's ability to process information and react accordingly." DOT Traffic Operations Division Manual, Chapter X, SPEED ZONE SIGNS, page 18.

*ISSUE OF THE CASE*:

IS THE 35mph SPEED ZONE SIGN IN QUESTION PROPERLY POSITIONED AND SUFFICIENTLY LEGIBLE TO BE SEEN BY AN ORDINARILY OBSERVANT PERSON, AS REQUIRED BY *F.S. 316.074(3)*, [F.S. 1985]?

*DECISION*:

The placement of the speed zone sign in question is insufficient to place an ordinarily observant person on notice of the existence of the applicable speed zone. As the sign in question is not properly placed or sufficient visible, it is insufficient to support a finding that the Defendant is guilty of violating that traffic control device.

*FINDINGS OF FACT SUPPORTING THE DECISION*:

This Court has reviewed the demonstrative evidence presented by the Defendant including personal photographs marked Nos. 1, 2 and 3, and an aerial photograph marked No. 4. This Court has also, upon its own Motion, and with the consent of the Defendant, viewed the area in question and driven its expanse. The Court finds that its view has lent credence to the probative value of the Defendant's photos numbered 1, 2 and 3 which disclose that the 35mph speed zone sign is obscured by two (2) previously encountered regulatory signs and additionally, is located on a horizontal curve planted with ornamental shrubbery. The speed zone sign in question has been placed in location which overloads the driver's ability to process information and react accordingly to the sign. Such placement is in derogation of the recommendation found in the DOT Traffic Operations Manual. See Chapter X, SPEED ZONE SIGNS, page 18.

The "reduced speed ahead" sign found in the immediately preceding

45mph speed zone is not placed sufficiently far in advance of the 35mph speed zone so as to conform with recommendations of the Department of Transportation. It is deficient in that a motorist who, upon observation of the sign, decelerates in the manner anticipated by the Department of Transportation, would not in fact attain the reduced speed of 35mph that is subsequently mandated by the ensuing 35mph speed zone sign.

## CONCLUSIONS OF FACT AND LAW:

The Defendant's prosecution for exceeding a posted speed limit cannot be sustained in this case because the speed zone sign is not properly positioned and sufficiently legible to be seen by an ordinarily observant person. While it is true that the Defendant's speed of 49mph was also in excess of the speed limit properly posted in the preceding enforcement area, the Defendant has not been charged with an offense in that area. And, while the Defendant may have exceeded a speed which was reasonable and prudent, contrary to *F.S. 316.183*, his citation clearly indicates an intent to prosecute him for exceeding a given posted limit, namely that of 35mph set by the sign in question. The Defendant cannot be found guilty of exceeding the 35mph speed limit for the reasons mentioned above and his possible guilt on other offenses which were not charged is not relevant.

## DICTA:

This Court's ruling should not be interpreted as any finding or intimation that that the City of St. Petersburg Beach has intentionally created or tolerated what is sometimes referred to as a "speed trap". This Court fixes no blame for the improper signage; it merely recognizes the existence of that condition. The Defendant has specifically raised this defect as a defense to his particular charge. Under the circumstances of this case, a valid and legal defense exists. This ruling should not in any fashion be construed as criticism of the Police Department of the City of St. Petersburg Beach or citing Officer Parker. As the positioning of the speed zone sign had not previously been called into question, therefore, the actions of the Department and its Officer Parker were legally correct and factually warranted.

WHEREFORE, it is

ORDERED AND ADJUDGED that the Defendant, JAMES F. PHENEY, be adjudicated NOT GUILTY and he shall go hence without day.

DONE AND ORDERED in Chambers at St. Petersburg, Pinellas County, Florida, this 5th day of December, 1986.